**Electronically Filed**
**Intermediate Court of Appeals**
**CAAP-13-0000428**
**22-OCT-2014**
**08:30 AM**

NO. CAAP-13-0000428

IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAI'I

In the Matter of the

THOMAS H. GENTRY REVOCABLE TRUST

APPEAL FROM THE CIRCUIT COURT OF THE FIRST CIRCUIT
(TRUST NO. 02-1-0030)

MEMORANDUM OPINION
(By: Foley, Presiding J., Fujise and Reifurth, JJ.)

Petitioner-Appellant, Kiana E. Gentry **(Kiana)**, appeals
from the March 25, 2013 "Final Judgment Re: Order Denying
Petitioner Kiana E. Gentry's Petition to Enforce Settlement
Agreement and Appoint Receiver, Filed on August 26, 2010," **(Final
Judgment)** filed in the Circuit Court of the First Circuit[1]
**(circuit court)**. The Final Judgment denied both Prayers for
Relief found in Kiana's August 26, 2010 "Petition to Enforce
Settlement Agreement and Appoint Receiver" **(Petition to Enforce)**.
Kiana's Petition to Enforce requested the circuit court (1)
enforce Paragraphs 6 and 7 of a Sealed Settlement Agreement,
dated December 21, 2007, and (2) appoint a neutral receiver to
complete the Settlement Agreement.

On appeal, Kiana contends the circuit court erred when
it (1) refused to enforce the Settlement Agreement; and (2) did

---

[1] The Honorable Derrick H. M. Chan presided.

not order an evidentiary hearing or trial after denying Kiana's Petition to Enforce.

## I.   BACKGROUND

Thomas H. Gentry (**Gentry**) died January 15, 1998.[2]  At the time of Gentry's death, his assets were comprised of real estate, personal property, and interests in several corporations, partnerships and limited liability corporations involved in real estate development in both Hawai'i and California.

Kiana was Gentry's wife at the time of his death.  She is a beneficiary of the Thomas H. Gentry Revocable Trust (**Revocable Trust**), created by Gentry, and the T.H.G Marital Trusts (**Marital Trust**), created by Gentry's son, Norman H. Gentry under Durable Power of Attorney.  Respondents-Appellees Mark L. Vorsatz and First Hawaiian Bank (together, **Co-Trustees**) are the Trustees for the two trusts.  Kiana objected to several of the Co-Trustees' "Petitions for Approval of Income and Principal Accounts for the Trusts" and challenged many other aspects of the trusts' accountings.  Because of the disputes, the circuit court set all Revocable Trust matters and Marital Trust matters for trial  commencing November 26, 2007.  Shortly after the trial began, the parties agreed to mediate the dispute and eventually settled.

The Settlement Agreement at issue was made by and between (1) Mark L. Vorsatz, as Personal Representative of the Estate of Thomas H. Gentry, Co-Trustee of the Revocable Trust, and Co-Trustee of the Marital Trust; (2) First Hawaiian Bank as Co-Trustee of the Revocable Trust and Co-Trustee of the Marital Trust; and (3) beneficiaries of the Revocable Trust and Marital Trust: Kiana; Norman H. Gentry; Tania V. Gentry; Mark T. Gentry; Colin K. K. Goo as Guardian Ad Litem for Minor Beneficiaries of the Revocable Trust and Marital Trust; Scott A. Makuakane as Guardian Ad Litem for Unborn, Contingent Beneficiaries of the Revocable Trust and the Marital Trust; Minor Children.

---

[2]     Thomas H. Gentry died from injuries suffered in a boating accident.  He remained in a coma from the time of the accident in November 1994 until his death.

On December 7, 2007, the circuit court held a hearing with the parties to discuss the terms of a settlement agreement.[3] On December 21, 2007, the parties executed a written Settlement Agreement that memorialized the terms discussed in the December 7, 2007 settlement hearing. Central to this appeal are terms found in Paragraph 6 and 7 of the Agreement that required the Co-Trustees to sell certain assets of the Trusts by June 10, 2010, 30 months from December 21, 2007, the effective date of the settlement. The Settlement Agreement provides in Paragraph 6:

> 6. ORDERLY DISPOSITION OF ASSETS.
>
> A. The parties agree to the orderly disposition of certain assets of the Trusts. These assets are the Trusts' interests in TG California Company, Gentry-Pacific, Ltd., Gentry Properties and Gentry Homes, Ltd. The Co-Trustees will sell these entities or their assets within a 30-month period from the Effective Date, with one 18-month extension permitted if supported by good cause as approved the Court.

Paragraph 7 provides:

> 7. GENTRY INVESTMENT PROPERTIES. Gentry Investment Properties ("GIP") will not be subject to the disposition parameters of paragraph 6 above. As soon as practicable, the Trust's interests in GIP will be distributed to the marital subtrust, Gentry's Children (free of trust), and to the GST subtrust, Pro Rata. Gentry-Pacific, Ltd., will remain as the general partner of GIP for the aforesaid 30-month period. The parties will use their best efforts to assure that Gentry-Pacific, Ltd., and/or GIP will not use GIP's accumulated income or sales proceeds to start or acquire any new businesses, or to acquire additional real property, or to construct intract improvements. The intent of the parties is that GIP will dispose of its assets over time (unspecified) in a commercially reasonable manner.

By the June 21, 2010 deadline, the Co-Trustees had not sold all assets in Gentry-Pacific, Ltd. or Gentry Properties, as required under the Settlement Agreement.

On August 25, 2010, Kiana filed her Petition to Enforce. Kiana's petition requested the circuit court order the Co-Trustees to perform the actions as required under Paragraphs 6 and 7 of the Settlement Agreement.

On December 1, 2010, the Co-Trustees filed a "Petition for Instructions Regarding Distribution of Remaining Assets and Termination of Trust or in the Alternative Resignation of Co-

---

[3] The Honorable Eden Elizabeth Hifo presided.

Trustees" (**Petition for Pro Rata Distribution**), which requested a pro rata distribution of interests in the remaining trust assets, or in the alternative, requested approval of their resignation as trustees to the trust if required to sell the assets.[4]

On October 7, 2011, the circuit court heard Kiana's Petition to Enforce, along with the Co-Trustees' Petition for Pro Rata Distribution. The circuit court took Kiana's Petition to Enforce under advisement and granted-in-part the Co-Trustees' Petition for Pro Rata Distribution.

On March 25, 2013, the circuit court issued its "Order Denying [Kiana's] Petition to Enforce Settlement Agreement and Appoint Receiver," and its Final Judgment. The Final Judgment (1) denied Kiana's request for the circuit court to enforce the Settlement Agreement and order the Co-Trustees to effectuate the terms of the Settlement Agreement and (2) denied Kiana's request for the circuit court to appoint a neutral receiver should the Co-Trustees resign.

On March 25, 2013, the circuit court issued its "Order Granting in Part and Denying in Part Co-Trustees' Petition for Instructions Regarding Distribution of Remaining Assets and Termination of Trust, or in the Alternative, Resignation of Co-Trustees, Filed on December 1, 2010" and its "Final Judgment Re: Order Granting in Part and Denying in Part Co-Trustees' Petition for Instructions Regarding Distribution of Remaining Assets and Termination of Trust, or in the Alternative, Resignation of the Co-Trustees, Filed on December 1, 2010" (**Final Judgment re Order Granting/Denying Petition for Instructions re Distribution**). The circuit court's Final Judgment re Order Granting/Denying Petition for Instructions re Distribution granted the Co-Trustees' request for a pro rata distribution of interests in Gentry Pacific, Gentry Properties, and several other pieces of real estate without requiring the sale of those assets.

---

[4]     On February 3, 2011, the Co-Trustees filed a "Co-Trustees' Supplement to Petition for Instructions Regarding Distribution of Remaining Assets and Termination of Trust or in the Alternative Resignation of Co-Trustees, Submitting plant of Liquidation Requested By Court" that further clarified the Co-Trustees' plan for pro rata distribution of the Trusts' assets.

On April 24, 2013, Kiana filed a timely notice of appeal from the Final Judgment. Kiana did not appeal the circuit court's Final Judgment re Order Granting/Denying Petition for Instructions re Distribution.

## II.   DISCUSSION

This appeal is a collateral attack on a judgment not on appeal resulting from Kiana not filing a notice of appeal from the circuit court's Final Judgment re Order/Denying Petition for Instructions re Distribution, and is therefore improper. A collateral attack "is an attempt to impeach a judgment or decree in a proceeding not instituted for the express purpose of annulling, correcting, or modifying such judgment or decree." Kim v. Reilly, 105 Hawai'i 93, 96, 94 P.3d 648, 651 (2004) (citation and internal quotation marks omittted).

In Kim, the defendant-appellant appealed a circuit court order that granted the plaintiff-appellee's motion to enforce an arbitration award. Kim, 105 Hawai'i at 94, 94 P.3d at 649. The defendant-appellant refused to adhere to the terms of the arbitration award because he believed that what he was required to pay under the arbitration award should have been reduced pursuant to the covered loss deductible statute. Id. at 94-95, 94 P.3d at 649-50. Instead of appealing the arbitration award itself, the defendant-appellant only appealed the circuit court's order granting the plaintiff-appellee's motion to enforce. Id. at 95, 94 P.3d at 650. The defendant-appellant "essentially argue[d] that the circuit court erred in enforcing the judgments in favor of the plaintiffs in full because the covered loss deductible statute mandates that arbitration awards 'shall be reduced' by a certain amount." Id. The defendant-appellant attempted to challenge the arbitration award by challenging the plaintiff-appellee's motion to enforce the award. See id.

The Hawai'i Supreme Court stated that the defendant-appellant's challenge was improper because "a proceeding to enforce a judgment is collateral to the judgment [so] any challenge to the judgment raised therein constitutes a collateral attack." Id. at 96, 94 P.3d at 651. Because plaintiff-

5

appellee's motion to enforce the arbitration award was collateral to the arbitration award itself, defendant-appellant's challenge constituted a collateral attack. Id. The circuit court held that because "(1) [defendant-appellant] challenged the judgments in response to the plaintiffs' motion to enforce and (2) [defendant-appellant's] contention was based on non-jurisdictional grounds, [his] attack on the judgments was collateral and improper." Id. at 97, 94 P.3d at 652. Similarly, in this appeal Kiana is attempting to collaterally attack the Final Judgment re Order Granting/Denying Petition for Instructions re Distribution through her appeal of the Final Judgment, which denied her Petition to Enforce. Kiana argues "[t]he [circuit] court modified the Settlement Agreement by approving a *pro rata* distribution scheme that was contrary to the Settlement Agreement's requirements that the Gentry Company assets be sold -- something that it could not do." Although Kiana appealed the Final Judgment denying her Petition to Enforce, she did not appeal the Final Judgment re Order Granting/Denying Petition for Instructions re Distribution.

Because the Final Judgment re Order Granting/Denying Petition for Instructions re Distribution was not appealed, this court cannot give Kiana effective relief. Therefore, this appeal is moot. "A case is moot if it has lost its character as a present, live controversy of the kind that must exist if courts are to avoid advisory opinions on abstract propositions of law." Kaho'ohanohano v. State, 114 Hawai'i 302, 332, 162 P.3d 696, 726 (2007) (emphasis omitted) (quoting Kona Old Hawaiian Trails Grp. By and Through Serrano v. Lyman, 69 Haw. 81, 87, 734 P.2d 161, 165 (1987) (citation, internal quotation marks and brackets omitted)). When "an event occurs which renders it impossible for an appellate court, if it should decide the case in favor of the appellant, to grant him any effectual relief whatever, the court will not proceed to a formal judgment but will dismiss the appeal." City Bank v. Saje Ventures II, 7 Haw. App. 130, 134, 748 P.2d 812, 815 (1988) (brackets omitted) (quoting Mills v. Green, 159 U.S. 651, 653 (1895)). "The mootness doctrine is said to encompass the circumstances that destroy the justiciability of

a suit previously suitable for determination." Wong v. Bd. of Regents, Univ. Of Haw., 62 Haw. 391, 394, 616 P.2d 201, 203 (1980). "The doctrine seems appropriate where events subsequent to the judgment of the trial court have so affected the relations between the parties that the two conditions for justiciability relevant on appeal-adverse interest and effective remedy-have been compromised." Id. at 394, 616 P.2d at 203-04. "Simply put, a case is moot if the reviewing court can no longer grant effective relief." Kahoʻohanohano, 114 Hawaiʻi at 332, 162 P.3d at 727 (brackets, emphasis, and internal quotation marks omitted) (quoting City Bank, 7 Haw. App. at 134, 748 P.2d at 815).

In City Bank, defendants-appellants filed a motion to reconsider an earlier circuit court order that confirmed a public auction sale of their Waikiki property. City Bank, 7 Haw. App. at 131, 748 P.2d at 813. After the circuit court denied their motion to reconsider, defendants-appellant appealed the circuit court's denial of their motion to this court. Id. at 132, 748 P.2d at 814. However, defendant-appellants did not file a supersedeas bond to stay enforcement of the circuit court's confirmation order and the sale of the property had closed by the time the case was decided on appeal. Id. at 133-34, 748 P.2d at 815. This court noted that "even if we were to reverse the confirmation order, the closed sale of the Property to Outrigger could not be vitiated and we could not direct a new sale of the Property as requested by [defendant-appellants]." Id. at 134, 748 P.2d at 815. This court emphasized that defendant-appellant could have taken steps to challenge the sale of the property or stay the confirmation order, but failed to do so. See id. As a result, this court ultimately held that appeal was moot. Id. at 132, 748 P.2d at 814.

Like City Bank, this court cannot grant Kiana's requested relief, the liquidation of the Revocable Trust and Marital Trust assets pursuant to the terms of the Settlement Agreement, without overruling the circuit court's Final Judgment re Order Granting/Denying Petition for Instructions re Distribution, which was not appealed and is not before us. This court cannot overrule the Final Judgment re Order

7

Granting/Denying Petition for Instructions re Distribution because Kiana failed to file a notice of appeal for that order and judgment.  See Hall v. Hall, 96 Hawaiʻi 105, 110, 26 P.3d 594, 599 (2001) ("An appellant's failure to file a timely notice of appeal is a jurisdictional defect that can neither be waived by the parties nor disregarded by the courts in the exercise of judicial discretion." (citation and internal quotation marks omitted)).  This court has no jurisdiction to prevent the pro rata distribution of the assets from the Revocable Trust and the Marital Trust to give Kiana effective relief, assuming her points on appeal have merit.

### III. CONCLUSION

For the foregoing reasons this appeal is dismissed as moot.

DATED:  Honolulu, Hawaiʻi, October 22, 2014.

On the briefs:

Margery S. Bronster
Jae B. Park
(Bronster Hoshibata)
for Petitioner-Appellant Kiana E.
Gentry.

Carroll S. Taylor
(Law Office of Taylor, Leong &
Chee)
for Respondents-Appellees Mark L.
Vorsatz and First Hawaiian Bank,
and
Alan T. Yoshitake
(Seyfarth Shaw)
for Respondent-Appellee First
Hawaiian Bank.

Presiding Judge

Associate Judge

Associate Judge